# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JOE HERMAN REID,              )
                               )
     Petitioner,          )
                               )
v.                           )     Case No.: 2:17-cv-01659-AKK-TMP
                               )
LEON BOLLING,             )
                               )
     Respondent.      )

## MEMORANDUM OPINION

Petitioner Joe Herman Reid filed this action for a writ of habeas corpus, *pro se*, challenging his 2012 conviction for capital murder in Jefferson County Circuit Court. Doc. 1. On October 3, 2018, the magistrate judge entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that habeas relief be denied. Doc. 22. Reid has filed timely objections to the report and recommendation. Doc. 24.

Reid objects to both factual and legal findings by the magistrate judge. Specifically, he asserts that the magistrate judge erred by finding that: (1) "[t]hey devised a plan to rob Murphy, and French told Daniels to call Murphy;" and "Williams . . . testified at the Rule 32 hearing that French told him Reid had nothing to do with the Murder of Murphy, and that only French, Monica, and Meoshia were involved", doc. 24 at 1, 4; and (2) the prosecutor did not know that

witness Percy Johnson "gave perjury testimony before the jury at Reid's trial," *id.* at 5. Reed also challenges the magistrate judge on the findings on his *Brady* and *Giglio* claims, *id.* at 13, and on his sufficiency of the evidence claim on its merits, *id.* at 15. The court addresses Reid's objections in turn.

As to Reid's objection based on the summary of background facts, Reid objects to the statement that "[t]hey devised a plan to rob Murphy, and French told Daniel to call Murphy and have him meet her at Cloverdale Apartments." Doc. 24 at 1. This statement is a summary of testimony, taken from the Alabama Court of Criminal Appeals' opinion. *See* doc. 22 at 2 n.3. The magistrate judge noted that Reid disputed this statement, having told police he went home after dropping French off to meet Daniel and Sims. *Id.* at 4, n.5 and n.6. The testimony cited by Reid, i.e., Daniel's testimony that "[she] called the victim to Cloverdale[,] [French] had the gun to scare him to rob him[,] [] Reid drove the vehicle, and [Sims] stood on the side walk where [she] was," doc. 24 at 2, does not refute the statement to which Reid objects.

Moreover, Reid's reliance on *Wiggins v. Smith*, 539 U.S. 510 (2003), is misplaced. *Wiggins* concerned "tactical" decisions of defense counsel regarding the presentation of mitigating evidence upon sentencing and whether such decisions fell into the ineffective assistance of counsel category. *Id.* at 514. Accordingly, this objection is **OVERRULED**.

Reid next objects to the magistrate judge's conclusion that Edwin Williams testified at the Rule 32 hearing that French told Williams that Reid had nothing to do with the murder of Murphy, and only French, Sims, and Daniel were involved. Doc. 24 at 4. Reid asserts that the correct testimony is that Williams said, "Reid was a little punk, he didn't want to do what he wanted him to do, you know, what he do and all that. He didn't want to go rob the guy with him." *Id*. at 5. Reid cites the record correctly, doc. 18-10 at 163, but fails to assert any impact from the magistrate judge's summary of Williams' testimony. Moreover, Williams also testified that "[French] said he didn't – it was just him and the two girls, [Daniel] and [Sims]. I mean . . . He said [] Reid was a punk because he didn't want to do nothing." Doc. 18-10 at 166-167. Because Reid fails to demonstrate how summarizing this testimony affected the magistrate judge's recommendation, this objection is **OVERRULED**. For the same reasons stated above, Reid's citation to *Wiggins v. Smith, supra*, does not assist him in any way.

Reid also objects to the finding that he failed to demonstrate that the prosecutors at trial knew that Percy Johnson testified falsely. Doc. 24 at 5. In support of this objection, Reid cites to Johnson's trial testimony, where he asserted he learned of the reward money from a detective in the case, as compared to Johnson's Rule 32 hearing testimony that "I actually saw the reward on a paper." *Id*. at 5-7. Reid argues this testimony demonstrates that the prosecutors knew that

Johnson was motivated by the reward money when he testified in Reid's trial. *Id.* at 8. At trial, defense counsel asked Johnson numerous questions about the reward money, placing before the jury Johnson's hope of receiving the money in exchange for his testimony. *See* doc. 18-5 at 184-187. Although Reid claims Johnson's testimony at the Rule 32 hearing establishes violations of *Brady v. Maryland*[1] and *Giglio v. United States*,[2] he fails to demonstrate any factual basis for this claim. Consequently, this objection is **OVERRULED**.

Within this same objection, Reid also objects to the magistrate judge's finding that neither Johnson's nor Williams' Rule 32 hearing testimony contradicted Daniel's trial testimony. Doc. 24 at 8. Daniel testified at trial that Reid dropped her, French, and Sims off on 11th Street, and Reid then waited there until they returned. Doc. 18-6 at 76. If anything, rather than supporting a finding of "actual innocence" as Reid alleges, Johnson recanting his testimony that he saw Reid's car in the Cloverdale Apartments parking lot supports Daniel's trial testimony that Reid's car was never in that lot. *See* doc. 24 at 11. Thus, this objection is **OVERRULED**.

---

[1] *Brady* held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963).

[2] *Giglio* clarified that "deliberate deception of a court and jurors by the presentation of false evidence is incompatible with 'rudimentary demands of justice.'" 405 U.S. 150, 153 (1972).

Reid also asserts the magistrate judge erred by considering Reid's actual innocence claim as an "insufficient evidence claim, instead of a[n] actual innocence to excuse the procedural default." Doc. 24 at 11. The magistrate judge held that Reid's *Brady* and *Giglio* claims were procedurally defaulted because Reid failed to raise them in state court. Doc. 22 at 15. Under *House v. Bell*, 547 U.S. 518 (2006), a claim of actual innocence may excuse a procedural default. *Id.* at 522. The magistrate judge considered Reid's claim of actual innocence in the exact posture Reid now asserts it should have been considered. Doc. 22 at 16-19. Moreover, although the magistrate judge determined that Reid's new evidence did not establish "actual innocence," he still considered Reid's claims on their merits. *See id*. at 35. Accordingly, Reid's objection is **OVERRULED.**

Reid objects to the magistrate judge's determination on the merits of his *Brady* and *Giglio* claims. Doc. 24 at 13. As to *Giglio*, Reid asserts that Johnson's request for the reward money from various prosecutors and detectives and his subsequent recanting of his material trial testimony demonstrate a *Giglio* violation.

To prevail on a *Giglio* claim, a petitioner must prove: "(1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material [,] i.e., that there is any reasonable likelihood that the false testimony could have affected the judgment" of the jury. *Ford v. Hall*, 546 F.3d 1326, 1332 (11th Cir. 2008) (internal quotation

marks omitted). Even taking Johnson's assertion—that he lied at trial when he testified he saw Reid's car in the Cloverdale Apartments' parking lot—as true, nothing in his subsequent recanting demonstrates that the prosecutor knowingly used perjured testimony. Johnson's testimony that he wanted the reward money was clearly before the jury, *see e.g.*, doc. 18-5 at 184-187, and no evidence supports a finding that the prosecutor knew Johnson lied under oath to get the reward money. Rather, Johnson's motivation for testifying was a factor for the jury to weigh when assessing his credibility. *See e.g., United States v. Matthews*, 431 F.3d 1296, 1312 (11th Cir. 2005) (the "jury was entitled to believe as much or as little of the witnesses' testimony as it found credible."); *U.S. v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999) (To the extent that petitioner's argument "depends upon challenges to the credibility of witnesses, the jury has exclusive province over that determination . . . ."); *U.S. v. Lopez*, 985 F.2d 520, 524 (11th Cir. 1993) (citing *Jacobs v. Singletary*, 952 F.2d 1282, 1287 n.3 (11th Cir. 1992) (stating that only the "knowing use" of perjured testimony violates due process).

Moreover, Johnson's Rule 32 hearing testimony was that, long after the trial, he saw a car similar to Reid's in the neighborhood, which made him reconsider what he saw the night of the murder. Doc. 18-10 at 15-16. This testimony could not have existed at the time of trial. Nothing in Reid's habeas pleadings raises a viable claim under *Giglio*. Reid's objection on this basis is **OVERRULED.**

Reid's arguments based on *Brady*, which essentially repeats the same *Giglio* claim argument, i.e., that because Johnson specifically requested the reward money and later recanted his trial testimony, "[t]he Magistrate Judge committed error by failing to find the prosecution and it[s] agents suppressed favorable exculpatory material evidence of Percy Johnson['s] false testimony," doc. 24 at 15, also fail. *Brady* requires only that the prosecution disclose evidence favorable to the defendant. *Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing *Brady*, 373 U.S. at 87). *Brady* does not require prosecutors to know at trial that a witnesses may later change his testimony. Nothing in Reid's arguments or citations to the trial record demonstrates that, at the time of the trial, the prosecutors withheld exculpatory evidence. Thus, Reid's objections based on *Brady* are **OVERRULED**.

Finally, Reid asserts that the magistrate judge erred by discussing his insufficiency of the evidence claim under state, rather than federal, law. Doc. 24 at 15. According to Reid, this violated the Due Process Clause of the Fourteenth Amendment and *Jackson v. Virginia,* 443 U.S. 307 (1979).[3] The magistrate judge's findings in the report and recommendation belie this contention:

> A conviction without evidence from which a rational trier could have found all of the essential elements of the offense beyond a reasonable

---

[3] As noted by the Eleventh Circuit in no uncertain terms in *Preston v. Sec'y Florida Dep't of Corrections*, the failure to raise this claim in state court bars a petitioner from bringing a claim under *Jackson v. Virginia* in a federal habeas petition. 785 F.3d 449, 456-57 (11th Cir. 2015).

doubt violates the Due Process Clause of the Fourteenth Amendment. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In performing an analysis under *Jackson*, a court looks to state law to determine the elements of the offense but the minimum amount of evidence required to meet due process standards as it relates to proving those elements is purely a matter of federal law. *Coleman v. Johnson*, 566 U.S. 650, 655 (2012). However, Reid presented his sufficiency of the evidence argument to the Alabama Court of Criminal Appeals in terms of whether, pursuant to § 12-21-222, Alabama Code 1975, evidence corroborated the testimony of Daniel sufficient to sustain his conviction. (Doc. 7-55 at 31, 38, 40-53). This court may not grant habeas corpus relief for violations of state law. *See Preston*, 785 F.3d at 458-59 (defendant failed, for purposes of exhaustion requirement under § 2254(b), to give fair notice to the Florida state courts that his insufficiency-of-the-evidence claim was based on federal due process principles where he only cited state-law cases and did not cite the United States Constitution or rely on federal caselaw). Nowhere in his arguments to the appeals court did Reid refer to "due process," and particularly not as it relates to the federal constitution or federal due process rights under *Jackson*.

Even if Reid could establish he raised a federal due process challenge in state court, he fails to show that the Alabama court's determinations concerning the trial evidence, Daniel's credibility, and the exclusion of Johnson's testimony, were "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court, or . . . based on an unreasonable determination of the facts in light of the evidence presented in state court." *Dunn v. Madison*, ___US. ___, 138 S. Ct. 9, 11 (2017). Federal law has no requirement that accomplice testimony be corroborated, thus Reid's challenge to the sufficiency of the evidence on this ground does not support a grant of habeas relief. *See e.g., Craig*, 127 F.3d at 1044; *Taylor v. Dunn*, 2018 WL 575670, *60 n.107) (S.D.Ala. Jan. 25, 2018) (the federal constitution has no such requirement; therefore, this line of argument is unavailing for § 2254 purposes (citing *Hallford v. Culliver*, 379 F.Supp.2d 1232, 1278 (M.D. Ala. 2004) ("The short legal answer to this claim is that there is no constitutional requirement that the testimony of an accomplice-witness be corroborated.")). Thus, even if the Alabama Court of Criminal Appeals was simply wrong in its determination that Daniel's

testimony was sufficiently corroborated under state law (*see* doc. 7-56 at 14-20), this provides no basis for federal habeas relief.

Doc. 22 at 48-49. As is evidenct, contrary to Reid's contention, the magistrate judge addressed his claim under federal law.

As the magistrate judge noted, Reid fails to demonstrate that the Alabama Court of Criminal Appeals decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1). Under *Jackson*, a habeas petitioner may be granted relief only if "no rational trier of fact court have found proof of his guilt beyond a reasonable doubt." *Preston v. Sec'y, Fla. Dep't Corr.*, 785 F.3d 449, 461 (11th Cir. 2015). "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference," *Coleman v. Johnson*, 566 U.S. 650, 651 (2012):

> First, on direct appeal, it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.

*Id.* (citations and quotations omitted).

"[T]he only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality," and the state

court's determination that it was not "in turn is entitled to considerable deference under AEDPA." *Preston*, 785 F.3d at 463 (quoting *Coleman*, 566 U.S. at 656). In other words, the test under *Jackson* is a limited one, and it does not require that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.,* 443 U.S., at 326. "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief." *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987).

To determine whether the *Jackson* standard has been met, the court must consider the essential elements of the crime as defined by state law. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987). In Alabama, to obtain a conviction for capital murder, the state had to prove an intentional murder made capital because the victim was shot while inside a motor vehicle, and/or murder committed during a robbery in the first degree. Ala. Code §§ 13A-5-40(a)(2); 13A-40(a)(17). The evidence at trial clearly established that Terrory Murphy was shot in a car, and that Murphy died as a result. The evidence at trial also clearly established that the motive of the shooting was robbery. This evidence suffices for purposes of *Jackson.* Accordingly, Reid's objections based on his insufficiency of the evidence argument are **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and

Reid's objections thereto, the court concludes that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Reid's objections are **OVERRULED**.  As a result, the petition for writ of habeas corpus is due to be denied and dismissed with prejudice.  Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be denied.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a*), Rules Governing § 2254 Proceedings*.  A separate final order will be entered.

      **DONE** the 26th day of November, 2018.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE